**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JOHN A. DREW,**

       **Plaintiff,**

                                   **Civil Action 2:14-cv-1069**
   **v.**                                **Judge James L. Graham**
                                   **Magistrate Judge Elizabeth P. Deavers**

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

**REPORT AND RECOMMENDATION**

This matter is before the United States Magistrate Judge for a Report and Recommendation on the Court's March 6, 2015 Show Cause Order. (ECF No. 9.)  For the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's action pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**I.**

On August 4, 2014, the Court granted Plaintiff's Motion to Proceed Without Prepayment of Fees, ordering the Commissioner to file and serve her Answer and a certified copy of the administrative record within sixty days and Plaintiff to file his Statement of Errors within thirty days after the Answer and transcript were filed. (ECF No. 2.)  On October 22, 2014, the Commissioner filed and served her Answer and certified copy of the administrative record. (ECF Nos. 7 and 8.)  Thus, Plaintiff's Statement of Errors was due on or before November 24, 2014.

Because Plaintiff failed to timely file his Statement of Errors, on March 6, 2015, the Court ordered him to show cause within fourteen days why this case should not be dismissed

with prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).  In the Show Cause Order, the Court specifically cautioned Plaintiff that "failure to comply with [the Show Cause Order] will likely result in dismissal of his action with prejudice."  (Mar. 6, 2015 Show Cause Order 1, ECF No. 9.)  To date, Plaintiff has not responded to the Show Cause Order.

## II.

Under the circumstances presented in the instant case, the Undersigned recommends dismissal of Plaintiff's action pursuant to Rule 41(b).  The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his or her failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders.  *See* Fed. R. Civ. P. 41(b); *Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Walbash R. Co.*, 370 U.S. 626, 629–32 (1962)).  "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't.,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363).  "'Although typically none of the factors is outcome dispositive, . . . a case is

properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

## III.

Here, the record demonstrates such delay and contumacious conduct.  After Plaintiff failed to file his Statement of Errors, the Court has ordered him to show cause why this case should not be dismissed with prejudice for want of prosecution.  This Order provided Plaintiff with adequate notice of the Court's intention to dismiss for failure to prosecute and supplied him with a reasonable period of time to comply.  It also provided him with an opportunity to show cause and explain why this case should not be dismissed with prejudice for want of prosecution. Because Plaintiff has missed deadlines and disregarded Court orders, the Undersigned concludes that no alternative sanction would protect the integrity of the pretrial process.  The Undersigned therefore **RECOMMENDS** that the Court **DISMISS** Plaintiff's action under Rule 41(b).

## IV.    PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g., Pfahler v. Nat'l Latex*

3

*Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: March 30, 2015                              /s/ *Elizabeth A. Preston Deavers*
                                                    Elizabeth A. Preston Deavers
                                                    United States Magistrate Judge

4